UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA KARRIP,

        Plaintiff,

v.                                     Case No. 1:18-CV-406

COMMISSIONER OF                HON. GORDON J. QUIST
SOCIAL SECURITY,

        Defendant.

_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff, Rita Karrip, has filed Objections to Magistrate Judge Ellen Carmody's November 29, 2018, Report and Recommendation (R & R), which recommended that this Court affirm the Commissioner of Social Security's decision denying Plaintiff's claim for disability income benefits under Title II of the Social Security Act. In her R & R, the magistrate judge found that the Administrative Law Judge (ALJ) properly evaluated and weighed the opinions of two examining physicians, Dr. R. Scott Lazzara, and Dr. Siva Sankaran. (ECF No. 17 at PageID.789–791.) The magistrate judge further concluded that the ALJ's decision to give little weight the opinion of Margaret Rorick, a Nurse Practitioner who treated Plaintiff, was supported by substantial evidence. (*Id.* at PageID.791–92.) Finally, the magistrate judge concluded that the ALJ properly evaluated Plaintiff's subjective complaints, in accordance with applicable Social Security regulations and the law of the Sixth Circuit, and that the ALJ's rationale for discounting Plaintiff's testimony was supported by substantial evidence. (*Id.* at PageID.792–93.)

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R & R, Plaintiff's Objections, the Commissioner's response, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's Objections and adopt the R & R as the opinion of the Court.

Plaintiff argues that the magistrate judge erred in her analysis by setting up a straw man argument that Plaintiff did not make. That is, Plaintiff says that the magistrate judge engaged in a substantial evidence analysis, despite the fact that "Plaintiff made no such argument." (ECF No. 18 at PageID.797.) Instead, Plaintiff notes, in her opening brief to the magistrate, she argued that the ALJ's decision is subject to "reversal because the ALJ a) played doctor and b) gave excessively vague reasons for rejecting the medical source opinions." (*Id.*) While the Court agrees with Plaintiff that the magistrate judge did not address Plaintiff's specific arguments, such arguments do not warrant reversal.

### ALJ's Evaluation of Examining Physicians' Opinions

Drs. Lazzara and Sankaran were examining physicians whose opinions were not entitled to substantial deference, as would be the case if they were treating physicians. 20 C.F.R. § 404.1527(c)(2). Even so, the ALJ was required to assess their opinions pursuant to 20 C.F.R. § 404.1527(c), by considering: (1) the examining relationship; (2) the treatment relationship; (3) support for the opinion from medical findings and laboratory findings; (4) consistency with the record as a whole; (5) specialization; and (6) other factors.

The ALJ gave partial weight to Dr. Lazzara's September 2013 assessment of Plaintiff's functional limitations. (ECF no. 10-2 at PageID.63–64.) While he adopted many of Dr. Lazzara's

recommended limitations, the ALJ declined to adopt Dr. Lazzara's limitation that Plaintiff could carry, push, and pull less than 15 pounds. (*Id.*) The ALJ rejected this limitation because it was not well supported by Dr. Lazzara's own examination findings and was at odds with normal strength findings by Plaintiff's providers in October and November 2013, August 2014, and April 2015. (*Id.*)

Plaintiff argues that the ALJ's reason was "reversibly vague" because the ALJ failed to identify the medical findings that undermined Dr. Lazzara's lifting restriction and, further, even if the findings could be identified, the ALJ failed to explain how they impugned Dr. Lazzara's limitation. Plaintiff also argues that the ALJ "played doctor" by relying on strength findings to determine Plaintiff's limitations.

Plaintiff's arguments lack merit. First, the ALJ identified the findings of record that he found undermined Dr. Lazzara's strength limitation, which showed that Plaintiff had normal upper body strength. As these findings are self explanatory, the ALJ had no need to provide further explanation. Nor did the ALJ play doctor. Although the ALJ is charged with assessing credibility and weighing medical opinions against other evidence in the record, the ALJ should avoid the temptation to substitute his own medical judgment for that of medical professionals. *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2008). Here, the ALJ did not improperly play doctor by considering whether Dr. Lazzara's opinion was consistent with other evidence in the record, including normal strength findings by Dr. Lazzara and Plaintiff's providers. An ALJ is not required to base his determination on a medical opinion if he finds that substantial evidence, including medical findings, supports a contrary finding. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013). Finally, Plaintiff faulted the ALJ for noting that the medical evidence of record showed that Plaintiff had only conservative treatment for her impairments. Contrary to Plaintiff's assertion, the ALJ did not cite Plaintiff's conservative treatment as additional support for

rejecting Dr. Lazzara's lifting limitation, but instead as additional support for the doctor's overall conclusion that Plaintiff had only mild workplace restrictions.

As for Dr. Sankaran, the ALJ gave "little weight" to his assessment (ECF No. 10-2 at PageID.65), but did adopt some of Dr. Sankaran's limitations. The ALJ rejected Dr. Sankaran's specified limitations of (1) one-hour standing/walking; (2) prohibition on crouching; (3) occasional stooping; and (4) prohibition against exposure to unprotected heights or extreme heat or cold. (*Id.* at PageID.56–57.) The ALJ concluded that these limitations were inconsistent with Dr. Sankaran's own examination findings , as well as other medical evidence in the record. (*Id.* at PageID.64–65.) The magistrate judge correctly found that the ALJ's reasons for discounting Dr. Sankaran's opinion are supported by substantial evidence in the record. Plaintiff's challenges to the ALJ's evaluation based on reversible vagueness, improper doctor-playing, and citation of conservative treatment are rejected for the reasons given regarding Plaintiff's challenges to the ALJ's evaluation of Dr. Lazzara's opinion.

### *Nurse Practitioner Rorick*

Nurse Practitioner Rorick treated Plaintiff since before her amended alleged onset date. (*Id.* at PageID.65.) In September 2014, Nurse Rorick completed a Physical Residual Functional Capacity Questionnaire, in which she indicated that Plaintiff had multiple work-preclusive limitations. Among other things, Nurse Rorick indicated that Plaintiff could sit or stand for 15 minutes at a time for a total of about 2 hours of sitting and 2 hours of standing and/or walking in an 8-hour workday. (ECF No. 10-11 at PageID.609.) Nurse Rorick also opined that Plaintiff lacked the ability to perform even simple tasks and adhere to strict deadlines, and could not tolerate contact with the public or close interaction with supervisors and coworkers. (*Id.*) The ALJ gave little weight to Nurse Rorick's  opinions because they were not consistent with Nurse Rorick's own

examination findings (normal overall findings), and her assessment of Plaintiff's limitations was inconsistent with the medical evidence as a whole, which showed unremarkable respiratory and neurological findings.[1]  (ECF No. 10-2 at PageID.65.)  As for Nurse Rorick's mental limitations, the ALJ found them inconsistent with Plaintiff's mental status examination findings.  (*Id.* at PageID.65–66.)

Having reviewed the record, the Court concurs with the magistrate judge that the ALJ's evaluation of Nurse Rorick's opinions was supported by substantial evidence.  Plaintiff raises the same arguments—"reversibly vague" reasons, playing doctor, and consideration of Plaintiff's conservative treatment—as she raised with regard to the examining physicians as reasons to reverse the ALJ.  For the reasons stated above, those arguments are also rejected with regard to Nurse Rorick.[2]

### *ALJ's Credibility Assessment*

Plaintiff argues in her Objections that the ALJ gave inadequate reasons to reject Plaintiff's reported symptoms and limitations.  As she did in her opening brief to the magistrate judge, Plaintiff presents a laundry list of reasons why the ALJ's credibility assessment requires reversal.  As the magistrate judge noted, the ALJ's credibility assessment "must be accorded great weight and deference," *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004), and the ALJ's

---

[1]Because Plaintiff filed her claim well before March 27, 2017, *see* 20 C.F.R. § 404.1502(a)(8), Nurse Rorick was not an acceptable medical source whose opinion is entitled to any particular controlling weight or deference as a treating source.  *See Noto v. Comm'r of Soc. Sec.*, 632 F. App'x 243, 248 (6th Cir. 2015).  Plaintiff does not argue that the ALJ should have considered Nurse Rorick a treating source.

[2]For example, the ALJ noted that Nurse Rorick noted that on August 26, 2014, Plaintiff presented with normal strength and gait, and that on September 26, 2014, Nurse Rorick noted that Plaintiff had unremarkable neurological findings ant that findings related to her musculoskeletal system were normal overall.  (*Id.*)

credibility finding should not be lightly disregarded. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987).

Having reviewed Plaintiff's numerous specific arguments, the Court concludes that the magistrate judge properly concluded that the ALJ's rationale for discounting the severity of Plaintiff's complaints and symptoms was well supported by the record and provided adequate justification for finding Plaintiff less than fully credible. The ALJ properly evaluated Plaintiff's credibility, taking into account the factors listed in 20 C.F.R. § 404.1529(c)(c), and decided that Plaintiff's reports of disabling pain were less than credible because they were not reasonably consistent with the medical and other evidence of record. 20 C.F.R. § 404.1529(4). Plaintiff's numerous challenges cleave off bits and pieces of the ALJ's analysis without considering the overall import of the ALJ's findings. For example, Plaintiff argues that the ALJ applied the infamous "sit and squirm" test when he noted that Plaintiff's ability to sit through the 44-minute hearing undermined her claim that she could only sit 10 to 15 minutes. However, an ALJ is entitled to rely on his or her own personal observations of a witness during a hearing to assess the claimant's credibility, so long as the ALJ's observations are not the *only* basis for the credibility determination. *See Weaver v. Sec'y of Health & Human Servs.*, 722 F.2d 310, 312 (6th Cir. 1983). Such was the case here—the ALJ relied on much more than his observations of Plaintiff during the hearing. Plaintiff's other arguments are similarly without merit.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 29, 2018 (ECF No. 17) is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (ECF No.. 18) are **OVERRULED**.

A separate judgment will issue.

This case is **concluded**.


Dated: June 6, 2019                      _____/s/ Gordon J. Quist_____
                                            GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE